Douglas D. Phelps
PHELPS & ASSOCIATES
2903 N. Stout Road
Spokane, Washington 99206
(509) 892-0467
Attorney for Plaintiff
ISBA#4755

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARREN ROBERT HILL, a single person,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF BENEWAH, BENEWAH COUNTY SHERIFF DAVE RESSER, DEPUTY BRYAN DICKENSON SR., DEPUTY RICHARDSON, DEPUTY RODNEY BRYAN DICKENSON II, individually and in his official capacity, DEPUTY COLTON WYNN, individually and in his official capacity, DEPUTY PACIONE, individually and in his official capacity, DEPUTY JASON ROBINSON, individually and in his official capacity;<br><br>　　　　　　　　　　　　　Defendants. | NO. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff Darren Robert Hill, by and through his attorney, Douglas D. Phelps of Phelps & Associates, P.S., and for cause of action against the above-entitled defendants alleges as follows:

### I.   JURISDICTION & PARTIES

1.　　Plaintiff, Darren Robert Hill, at all times material hereto, is and was a resident of Benewah County, Idaho.

COMPLAINT FOR DAMAGES
Page 1 of 8

2. Defendant County of Benewah is an incorporated county operating within the State of Idaho.

3. Defendant Sheriff Dave Resser, at all times material hereto, was the duly elected Sheriff of Benewah County and is believed to have been a resident of Benewah County at the time of the acts described below.

4. Defendants Deputy Bryan Dickenson Sr., Deputy Richardson, Rodney Bryan Dickenson II, Deputy Colton Wynn, Deputy Pacione and Deputy Jason Robinson (CDA Tribal) were duly appointed sheriff's deputies of the Benewah County Sheriff and are believed to have been residents of Benewah County at the time of the acts described below.

5. Plaintiff Darren Hill brings this action to redress deprivations under color of statute, ordinance, regulation, custom of usage of a right, privilege and immunity secured to Plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 and 1985, and arising under law and statutes of the State of Idaho and accordingly, the jurisdiction of this court is involved under 28 U.S.C. and any applicable pendent state claims.

6. At all times relevant hereto, Defendants Deputies Dickenson II, Wynn and Pacione were acting under color of their official capacity as officers of the Sheriff and as persons for purposes of 42 U.S.C. 1983 and their acts complained of were performed under color of state law.

7. At all times relevant hereto, Defendant Defendants Deputies Dickenson II, Wynn and Pacione, were servants, agents, and employees of Sheriff Dave Resser, so that their acts are imputed to the county. Defendants Deputies Dickenson II, Wynn and Pacione were acting pursuant to specific orders and directives from Benewah County, who provided each of them with an official badge and identification which designated and described its bearer as Deputies of the County of Benewah, State of Idaho.

8. At all times relevant hereto, Defendants Deputies Dickenson II, Wynn and Pacione, separately and in concert, acted under color and pretense of law; to wit, under color of the statutes, ordinances, regulations, customs and usage of the County of Benewah. They separately and in concert engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for Plaintiff's rights, causing injury to the Plaintiff and depriving Plaintiff of the

rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to United States Constitution by the laws of the United States and the laws of the State of Idaho.

9. At all times relevant hereto, the Defendants engaged in a pattern, practice or custom of disguising search warrants and judicial requests with similar addresses and names so they could circumvent judicial review and in this case did in fact deviate from a magistrate's specific orders to search a property other than the one Plaintiff resided in, solely for the purpose of harassing and to arrest plaintiff absent proper judicial authorization.

10. At the time of the alleged negligent acts, the acts and injuries occurred in Benewah County, Idaho.

## II.   VENUE

11. At all times relevant hereto, the negligent acts and damages alleged occurred in Benewah County, Idaho. The Defendants reside or are believed to reside in Benewah County, Idaho, and there is no more appropriate forum. Therefore, venue is proper in Benewah County, Idaho.

## III.   FACTUAL HISTORY

12. On or about February 18, 2017, Coeur d'Alene Tribal Police Detective Jason Robinson, who is also a Benewah County Deputy, was contacted by Benewah County Sheriff's Deputy Richardson regarding a confidential informant who wished to provide information related to suspected narcotics and theft crimes occurring in Benewah County.

13. According to Detective/Deputy Robinson, he learned from the confidential informant of suspected stolen property and methamphetamine being stored at the residence of Plaintiff Darren Hill and submitted an Affidavit in Support of Search Warrant to Magistrate Douglas Payne of the First Judicial District Court in Benewah County, on February 20, 2017.

14. Detective/Deputy Robinson listed the address to be searched as 2317 Ora Avenue in St. Maries, Idaho, which is in Benewah County. Detective/Deputy Robinson testified the address to be that of Plaintiff Darren Hill.

15. On February 18, 2017, two days before Detective/Deputy Robinson signed his

Affidavit for the search warrant, Magistrate Judge Douglas Payne issued a search warrant as a result of Detective/Deputy Robinson's affidavit, providing permission for Darren Hill's residence located at 2317 Ora Avenue to be searched, along with two shops and travel trailer vehicles owned by Hill and located on the property.

16. The search warrant ordered law enforcement to make an "immediate" search of Hill's residence to look for narcotics, paraphernalia, a golf cart and hand tools.

17. On February 19, 2017, at 12:58 a.m., Deputy Dickinson II, Deputy Wynn and Deputy Pacione served the search warrant in the middle-of-the-night through a technique called "no knock," meaning law enforcement did not announce their presence to Mr. Hill or other occupants of the residence.

18. Idaho Code 19-4411 requires any warrant served at night to be specifically approved by a judicial officer for night service and language inserted into the warrant allowing for service of the warrant at night.

19. The warrant in this case did not authorize such service of the warrant during night time and the defendants knowingly violated the law in that regard.

20. However, the deputies were at the wrong address. Instead of serving the warrant at 2317 Ora Avenue, the deputies served the warrant at 2313 Ora Avenue, which was not listed on the warrant.

21. Despite this clear error, deputies entered the residence and immediately arrested Darren Hill, placing him in handcuffs and taking him to jail before searching his entire residence despite having no legal authority to either arrest him or search his residence.

22. From approximately 1:00 a.m. on February 19, 2017 to 6:00 a.m. the same morning, deputies searched Mr. Hill's residence located at 2313 Ora Avenue.

23. Deputy Bryan Dickenson Sr. ordered Plaintiff Darren Hill to provide the combination to the safe in his home, and when Plaintiff Darren Hill did not provide the combination, ordered other deputies to forcibly break into the safe.

24. The deputies departed the scene at 6:00 a.m. and returned at 5:00 p.m. the same day and continued the unlawful search.

25. Various items of value were taken from the property.

26. Deputy Richardson falsely identified several pieces of Plaintiff Darren Hill's equipment as "stolen" when they in fact were not stolen and he knew or should have known the equipment was not reported stolen, but Deputy Richardson seized the items anyway.

27. A garage and outlying buildings located on 2301 Ora Avenue were also searched by the deputies absent a warrant or legal authority. The deputies removed tens of thousands of dollars' worth of Plaintiff's tools and equipment from 2301 Ora Avenue and have refused to return Plaintiff's property.

28. At no time did law enforcement go to 2317 Ora Avenue or search 2317 Ora Avenue, the address listed on the warrant.

29. The search of 2313 Ora Avenue was warrantless and was done in violation of Plaintiff's plainly established rights.

30. Benewah County Prosecutor's Office charged Mr. Hill with various felony and misdemeanor crimes as a result of the deputies' unlawful search, all of which were dismissed by the court due to the unlawful search.

31. Upon information and belief, Defendant Deputies, at all times material, were present, in the company of or took part in the above described events, but took no action to aid Plaintiff by halting the illegal acts.

32. By failing to take action to aid Plaintiff or to halt the illegal acts complained of, Defendants acted recklessly, and with callous disregard of the Plaintiff's rights.

33. Upon information and belief, the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and separately and in concert, acted willfully, knowingly and purposefully with specific intent to deprive Plaintiff of his rights, and/or with reckless disregard for Plaintiff's rights including right of:

   (a) Freedom from illegal search, seizure, restraint, confinement, and imprisonment;

   (b) Freedom from physical abuse, coercion, and intimidation;

   (c) Freedom from unlawful taking of property;

   (d) Freedom from unlawful arrest.

27. All of these rights are secured to Plaintiff by the provisions of the Fourth, Fifth and Fourteenth Amendments to United States Constitution and 42 U.S.C. 1983.

28. The complained of acts constitute an unlawful seizure within the meaning of the Fourth Amendment.

29. The Defendant County of Benewah and Sheriff Dave Resser were negligent in their selection, supervision, and training of the Defendants, Deputies Rodney Bryan Dickenson II, Deputy Wynn, Deputy Pacione and Deputy Jason Robinson (CDA Tribal).

30. Defendants County of Benewah and Sheriff Dave Resser are liable for the negligence of Deputies Rodney Bryan Dickenson II, Deputy Wynn, Deputy Pacione and Deputy Jason Robinson (CDA Tribal).

31. That the Defendants County of Benewah and Sheriff Dave Resser have failed to take action to protect Plaintiff, Darren Hill, or others similarly situated from the actions by Defendant Deputies.

32. Defendants County of Benewah and Sheriff Dave Resser were negligent in their hiring, training and the supervision of the Defendants, Deputies Rodney Bryan Dickenson II, Deputy Wynn, Deputy Pacione and Deputy Jason Robinson (CDA Tribal).

33. Plaintiff, Darren Hill, suffered loss of property, mental anguish, emotional distress, pain and suffering, loss of consortium, loss of liberty, loss of present and future earnings and out of pocket expenses, due to the negligent behavior of the Defendants.

34. Plaintiff is entitled to attorney's fees and costs.

35. Plaintiff is entitled to prejudgment interest on all medical, property damage and out-of-pocket expenses directly and proximately caused by the negligent acts and omissions of Defendants.

36. Plaintiff is entitled to costs and disbursements herein.

37. As a result of the negligent acts of the defendant(s), the plaintiff was injured. The plaintiff suffered:

    a. Pain and suffering;
    b. Loss of enjoyment of life;
    c. Loss of consortium;

    d. Medical expense;
    e. Loss of services;
    f. Lost wages;
    g. Lost Future earnings; and,
    h. Other general and special damages.

  38. As a result of the negligent acts of the defendant(s), the plaintiff suffered damages as indicated in the preceding paragraph in amounts to be established at trial.

  39. Plaintiff demands this matter be heard before a jury of twelve persons.

  40. Wherefore, plaintiff prays that this court enter judgment in favor of the plaintiff, as follows:

    a. For injunctive relief prohibiting the defendants from future acts or omissions as alleged herein;
    b. For injunctive relief, requiring the defendants to properly train their deputies so as to avoid future incidents such as the acts or omissions alleged herein;
    c. For an amount to compensate the plaintiff for the damages identified above in amounts to be established at trial;
    d. For costs incurred by the plaintiff;
    e. For statutory attorney's fees;
    f. For any such further equitable relief as the court deems justified.

Dated this 17th day of July, 2018.

           **PHELPS & ASSOCIATES**
           Attorney for Plaintiff

           */s/ Douglas D. Phelps*
           Douglas D. Phelps, ISBA#4755
           2903 N. Stout Road
           Spokane, Washington 99206
           (509) 892-0467

STATE OF WASHINGTON )
                                 ) ss.
County of Spokane          )

       DARREN HILL, being first duly sworn on oath, deposes and states:

       I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

                               _____
                               DARREN HILL

SUBSCRIBED AND SWORN TO before me this __ day of _____, 2018.

                               _____
                               NOTARY PUBLIC for the State of Washington
                               Residing at _____
                               My commission expires: ___/___/_____

STATE OF WASHINGTON )
                                         ) ss.
County of Spokane            )

    DARREN HILL, being first duly sworn on oath, deposes and states:

    I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

_____
DARREN HILL

SUBSCRIBED AND SWORN TO before me this 9 day of April, 2018.



_____
NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My commission expires: 06/15/2021

COMPLAINT FOR DAMAGES
Page 8 of 8